UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SALVATORE CASERTA, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3027** |
| **HANOVER INSURANCE GROUP-**<br>**MASSACHUSETTS BAY INSURANCE**<br>**COMPANY** | **SECTION "K"(2)** |

## ORDER AND REASONS

Before the Court is defendant Massachusetts Bay Insurance Company 's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(c) (Rec. Doc. 23).

**I. BACKGROUND**

On September 12, 2010, Plaintiffs, Salvatore Caserta, Diane Ferguson, Rhonda Olivier, Deborah Sam and Calvin and Patrick Saulney (collectively "Plaintiffs"), filed their petition concerning their five (5) separate and distinct Hurricane Katrina-related insurance claims. Salvatore Caserta's property was located at 5800 Marshall Foch Street in New Orleans, Louisiana. Diane Ferguson's property was located at 6574 Center Street in New Orleans, Louisiana. Rhonda Olivier's property was located at 2900 Deer Creek Drive in Violet, Louisiana. Deborah Sam's property was located at 2014 Phillip Street in New Orleans, Louisiana and Calvin and Patricia Saulny's property was located at 10111 Deerfield Drive also in New Orleans. The plaintiffs alleged that their insurer, Massachusetts Bay Insurance Company ("Mass Bay"), failed to pay their claims for any and all hurricane damage under their respective

1

homeowner's insurance policies.  The Court granted a consent motion to stay these proceedings pending ruling in the case then pending before the Louisiana Supreme Court (Rec. Docs. 5, 6).  The defendant recently moved to reopen the case on grounds that recent decisions by the United States Court of Appeals for the Fifth Circuit and the Louisiana Supreme Court resolved prescription issues in the defendant's favor and the defendant wished to move for dismissal on that basis (Rec. Doc. 15).

## II. LAW AND ANALYSIS

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."  *Doe v. MySpace, Inc.* 528 F.3d 413,2008 WL 2068064, at 3* (5th Cir.2008) (citations omitted).  For both a Rule 12(b)(6) motion to dismiss and Rule 12(c) motion for judgment on the pleadings, this Court is restricted to looking only "at the pleadings and accept[ing] all allegations in them as true."  *Cuvillier v. Taylor*, 503 F.3d 397, 402 (5th Cir. 2007), quoting *St. Paul Ins. Co. v AFIA Worldwide Ins. Co.*, 937 F2d 274, 279 (5th Cir. 1991).

Plaintiffs did not file their complaint until September 12, 2010.  The deadline for filing claims against an insurer related to losses from Hurricane Katrina expired on September 1, 2007.  Thus, it is obvious from the face of the petition that plaintiffs' claims are prescribed unless prescription was somehow suspended, interrupted, or tolled.  Defendant argues that the Fifth Circuit in *McGee v. State Farm Fire & Cas. Co.*[1] and the Louisiana Supreme Court in *Quinn v.*

---

[1] 2013 WL 702702 (C.A.5 (La.)).

*La. Citizens Prop. Ins. Corp.*[2] removed the plaintiffs' only argument for suspension of the prescription by holding that federal putative class actions do not operate to suspend prescription under article 596 of the Louisiana Code of Civil Procedure.

The only putative class actions against Mass Bay were filed in federal court.  Defendant argues that under *McGee* and *Quinn* no bases exists for suspension of prescription on the instant claims.  The Court agrees that plaintiffs presented no basis for finding that prescription was interrupted, suspended, or tolled for any reason.  The Court also notes that Judge Vance in *James v. Hanover Insurance Company*[3] and Judge Engelhardt in *Herring v. Metropolitan Property & Casualty Insurance Company*[4] arrived at the same conclusion.   Moreover, as Judge Vance stated in *James*:

> "To the extent that plaintiffs mean to suggest that they qualify as class members because they were *eligible* to receive benefits under that program at some point in the past, this argument must fail.  Because plaintiffs have not alleged that they applied for benefits before the July 31, 2007 deadline, they are not – and never were – members of a class comprising "[a]ll current and former citizens of the State of Louisiana who applied for and received or will receive funds through The Road Home Program."[5]  Accordingly, the filing of the *Road Home* class action could not suspend prescription of plaintiffs' claims under Article 596.  See *McGee v. State Farm Fire & Cas. Co.*, 2013 WL 702702, at *1 (5th Cir. Feb 26, 2013) (affirming district court's conclusion that prescriptive period for plaintiffs' suit against insurer for Katrina-related damages was not suspended by the filing of the *Road Home* class action because

---

[2] 2012 WL 5374255 (La.  2012).

[3] 2013 WL 3728279 (E.D.La.).

[4] 2013 WL 3893282 (E.D.La.).

[5] *Louisiana State et al. v. AAA Insurance et al.*, No. 2:07-cv-05528, R. Doc. 1-1 at 21.

>plaintiffs "were neither members of [,] nor had claims related to [,] the class action in *Road Home*").

*James*, at *4.  Accordingly,

>**IT IS ORDERED** that the Mass Bay's Motion for Dismissal under Rule 12 (c) (Rec.

Doc. 23) is **GRANTED** dismissing all claims against it urged by plaintiffs herein.

>**IT IS FURTHER ORDERED** that judgment will be entered accordingly.

New Orleans, Louisiana, this 15th day of January, 2014.

                                                **STANWOOD R. DUVAL, JR.**
                                                **UNITED STATES DISTRICT JUDGE**